November 9th, 1903.

————————O————————

## No. 3270.

(Court of Appeal, Parish of Orleans).

## SHUSHAN BROTHERS & COMPANY vs. FINKELSTEIN BROTHERS.

Issues of fact only are involved in this cause.

Appeal from Civil District Court, Division A.

Chas. Rosen, Plaintiff and Appellee.

Chas. A. Schreiber, G. Fernandez, Sr., Defendant and Appellant.

MOORE, J. Plaintiffs sue for the price of a bill of goods alleged to have been sold to defendants but delivered to one J. Borowsky, at the special instance and request of the defendants.

The defense is a general denial, with the special averment that the goods were bought by J. Borowsky direct from the plaintiffs and for his own account; the credit therefor being extended solely to the said Borowsky, and not to the defendants.

There was judgment in favor of the plaintiffs for the amount sued for and the defendants appeal.

It appears that Borowsky, who was a stranger in the city, but a brother-in-law of the defendants, desiring to engage as a peddler was assisted by his brother-in-law to the extent of loaning him their credit.

They originally began their purchase from plaintiffs in September 1902, for the purpose stated, Borowsky being with them at the

16

time and the goods bought being intended for the latter, to whom they were delivered.

They were charged to and paid for by Finkelstein Bros. So, again, in the following month, another bill was bought under the same circumstances; they were likewise charged to defendants, though delivered to Borowsky; one of the defendant firm accompanying him and assisting in selecting the goods.

This latter bill, amounting to $133.40, is the one in dispute. Borowsky fled the country and defendants refuse to pay for the goods.

The evidence is conclusive that the credit was extended to the defendants and not to Borowsky, who was an entire stranger to the plaintiff firm. Plaintiffs never intended it to be otherwise and defendants had no reason to believe otherwise.

So thought the learned judge of the lower Court and so do we.

The judgment appealed from is affirmed.